THOMAS SOUTHWORTH, ET AL. v. W. A. LUTCH.

**Right to Maintain a Ferry.**

Under a law that no ferry shall be established within less than a mile of the place, in a straight line, of any other ferry, unless it be in a town or city, or where an impassable stream intervenes, it is held that a second ferry may be established at a town of one hundred thirty inhabitants, where there is already a ferry within one mile but which can only be reached by traveling a distance of more than one mile because of an impassable ravine in which is a small stream of water.

APPEAL FROM OWEN CIRCUIT COURT.

May 5, 1883.

OPINION BY JUDGE PRYOR:

In the year 1866 William Terry was granted the privilege of establishing a ferry across the Kentucky river from Clay Lick Landing on the Owen side, to the opposite shore in Henry county.  The grant was unlimited as to time, but by the statute under which the grant was made the right was limited to twenty years.  Rev. Stat. 1867, ch. 39, § 3.

The appellee, Lutch, purchased the land and appeared in court, executed a bond and was substituted to the rights of Terry.  Rev. Stat. 1867, ch. 39, § 8.  In March, 1870, the legislature by an amendment to the charter of the town of Gratz, conferred upon the trustees

of that town the right to establish a ferry from the public wharf to a place opposite in Henry county. II Acts 1869-70, ch. 1031. The trustees established a ferry in 1876 and leased it to the appellant, Suter, who assigned it to his coappellant, Southworth, and they were operating the ferry when an injunction was obtained by the appellee upon a petition filed in which it was alleged that the Gratz ferry was within four hundred yards of his ferry, that appellants were running the same greatly to his injury and that he was entitled to recover $2,000 for the damages sustained. Rev. Stat. 1867, ch. 39, § 16, in regard to ferries, provides that "No ferry shall be established on the Ohio river within less than a mile and a half, nor upon any other stream within less than a mile of the place, in a straight line, where any existing ferry was pre-established—unless it be in a town or city, or where an impassable stream intervenes."

The defense by the appellants of their subsequent grant is based on this provision of the statute, and the issue of fact presented is, Was the stream known as Clay Lick impassable to such an extent as was contemplated by the statute? The chancellor below decided adversely to the appellants and they appeal. As the purpose of the appellee was to obtain the injunction, and the recovery of damages being incidental to the principal injury, the court in reviewing the facts has arrived at a conclusion different from that reached by the chancellor.

The town of Gratz has a population of at least one hundred thirty inhabitants; it is a business point on the Kentucky river and without a ferry from its wharf until 1876, when the appellants under the act of the legislature leased the privileges from the town, prepared roads necessary for the proper landing of their boats, and continued to exercise the privilege until the injunction in this case. Between the town of Gratz and the ferry of the appellee is a small stream called Clay Lick, that on its way from the hills to the river enters into a large ravine or deep cut made by the running waters, that is impassable in high water, and always impassable for wagons for a distance of nearly one-half mile from its mouth, and for those on horse-back for nearly three hundred yards, and not then until the mud dries up. Persons on foot cross the ravine by means of a log walk, that is often removed by the high water. The town is at or a short distance above the mouth of this creek, and in order to reach the old or first ferry with vehicles from the town the citizens

are compelled to go up the creek about one-half mile and then cross, following the ravine down on the opposite side until they reach the ferry. Some place the distance at four hundred yards, and the passway is then over land upon which no public road has been established, and particularly for those who travel on horseback and are not required to go so far up the ravine. It is in proof that the appellee when the water is very high takes his boat to the wharf of the town and transports the traveler across the river. This duty, however, is not incumbent upon him, and the travel from the town up this creek must continue for years, if the judgment for appellee remains undisturbed.

We think it clearly appears from every witness in this case that this stream is impassable for several hundred yards from its mouth and the convenience of the entire population of a thrifty river town is made subservient to the grant claimed by the appellee. At the time this action was instituted, or when the proof was taken, the appellee was without a ferry boat and such had been the condition of the ferry for many months; and while the question as to the abandonment of his privilege or the forfeiture of the franchise can not properly arise in this case, it is rather persuasive of a conviction on his part that the wants of the community demanded that a boat should be kept at the wharf of the town, and that the necessities of travel did not even require that he should have a boat at his landing. If the people of the entire village have been required to go up the creek for years in order to cross it, to reach the ferry, it is of the highest character of evidence that it is impassable; and besides, the proof is conclusive on the subject. For this reason the legislature doubtless made the grant, and the presumption should at least be indulged that the condition of the town with reference to this ferry was made known at the time the act was passed; but whether so or not, the facts of this record show the necessity for the grant and the facts bring it within the exception contained in Rev. Stat. 1867, ch. 39, § 16. Without passing on the constitutional question raised, the judgment, being erroneous for the reasons indicated, must be *reversed* and cause remanded with directions to dissolve the injunction and dismiss the petition.

*Barrett & Brown, for appellants.*
*Hallam & Gordon, for appellee.*